■ In the Matter of the Trust Made by CUTLER J. DE LONG. MARY TISINGER, as President of USHER'S BEACH ASSOCIATION, INC., Appellant; A. ROBERT CARDINELL et al., as Trustees of the Trust Made by CUTLER J. DE LONG, et al., Respondents.— Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered May 4, 1990 in Warren County, which dismissed petitioner's application, in a proceeding pursuant to General Municipal Law article 7, to, inter alia, terminate respondents A. Robert Cardinell and Barbara Cardinell as trustees of a trust made by Cutler J. De Long.

The will of Cutler J. De Long, recorded in the Warren County Clerk's office in December 1928, made a disposition of $1,000 and a parcel of real property situate on the easterly shore of Lake George in the Town of Lake George, Warren County, to three named individuals, as trustees, pursuant to the provisions of General Municipal Law article 7, to "hold and maintain said lot of land as a public park". Petitioner, as president of Usher's Beach Association, Inc., a type B not-for-profit corporation formed to maintain, develop, improve and promote the park, brought this proceeding alleging, *inter alia,* misfeasance and a conflict of interest on the part of two of the trustees, respondents A. Robert Cardinell and Barbara Cardinell, and seeking their removal. Supreme Court dismissed the proceeding upon the ground that petitioner lacked standing to bring it. Petitioner appeals.

We affirm. The general rule is that in cases involving the ongoing administration of a charitable corporation, standing is restricted to the Attorney-General *(see,* EPTL 8-1.1 [f]; 8-1.4; *Alco Gravure, Inc. v Knapp Found.,* 64 NY2d 458, 465-466; *Lefkowitz v Lebensfeld,* 68 AD2d 488, 495, *affd* 51 NY2d 442; Greenfield, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 8-1.1 [1991 Pocket Part], at 197), so as to "prevent vexatious litigation and suits by irresponsible parties who do not have a tangible stake in the matter and have not conducted appropriate investigations" *(Alco Gravure, Inc. v Knapp Found., supra,* at 466). In the present case, we find no exceptional circumstances *(cf., supra,* at 465; *Lefkowitz v Lebensfeld, supra)* or statutory provision justifying a departure from that rule. Although General Municipal Law § 142 permits an "inhabitant of the interested * * * town" to petition for the appointment of a trustee to fill a vacancy, its further provision that "trustees shall be subject to removal by [Supreme Court] for malfeasance or misfeasance in office, upon such notice and after trial in such manner as said court shall direct", makes no equivalent grant of standing. General Municipal Law § 145, also relied upon by petitioner, has no apparent application to a proceeding to remove a trustee of a charitable corporation.

Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.